THE STATE, DEFENDANT IN ERROR, v. NINA RAMAGE, PLAINTIFF IN ERROR.

Submitted March 21, 1918—Decided June 5, 1918.

1. A certificate by the trial judge in a criminal case that "the foregoing is the entire record in this case" is not adequate for a review on writ of error under section 136 of the Criminal Procedure act.
2. Assignments of error based on a bill of exceptions exhibiting matters properly reviewable on strict writ of error, do not take the place of the causes of reversal required by section 137 of the Criminal Procedure act.
3. In criminal cases the court of review will not consider exceptions which have not been authenticated by the signature and seal of the trial judge.

---

On error to the Ocean Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the state, *Wilfred H. Jaynes, Jr.*

For the plaintiff in error, *Harry E. Newman.*

The opinion of the court was delivered by

PARKER, J. This case is submitted on briefs, and counsel for plaintiff in error has evidently drawn his brief under the impression that the entire record of the proceedings at the trial has been certified as provided in section 136 of the Criminal Procedure act. This is not the case. The printed book shows a writ of error and return in the ordinary form; then follows what is apparently a stenographer's transcript, at the end of which is the following: "I do hereby certify that the foregoing is the entire record in this case. W. Howard Jeffreys, Judge." · What the statute provides is that "the entire record of the proceedings had upon the trial" may be returned with the writ of error; and it was pointed out by the Court of Errors and Appeals, in *State* v. *Armstrong,* 88 *N. J. L.* 280, 282, that a certificate merely of the "entire record" indicates no more than the record called for by the writ. The fact that in that case the certificate was embodied in the return, and in this case it appears at the end of the printed book, does not lead us to enlarge the meaning of the words "entire record" beyond that ascribed to them in the Armstrong case. Moreover, while there are assignments of error, there is no specification of causes for reversal as required by the statute (section 137), and in a similar situation it was held by the Court of Errors and Appeals that plaintiff in error was not entitled to a review of any matters except those presented by bills of exceptions and assignments of error thereon. *State* v. *Miller,* 71 *Id.* 527. So far as relates to the practice under sections 136 and 137, there is nothing before us for review.

When we turn to the case as presented on strict writ of error, a similar situation appears. Of the six assignments of

error, four are general, vague and indefinite, challenging no specific ruling of the trial court. As to the others, there is no exception sealed to support them. We find a general exception to the charge prayed but not sealed; and in the testimony of Brown two "objections noted for defendant as grounds of appeal," but not sealed as exceptions. Counsel seems to have assumed the Practice act of 1912 to be applicable in criminal cases. That act, however, passing all question as to the scope of its title, provided in section 25 that "bills of exceptions and writs of error in civil cases are abolished." The effect of this in civil cases at law was to dispense with the necessity of having the exception authenticated by the signature and seal of the trial judge. *Kargman* v. *Carlo,* 85 *N. J. L.* 632, 636. The rule has never been relaxed in criminal cases, and unless the case comes up under sections 136 and 137 of the Criminal Procedure act, there must be a bill of exceptions duly authenticated by the judge. Formerly, this had to be done at once. Act of 1797, *Pat. L.* 245; *Nix. Dig.* 1868, *p.* 748; *Rev.* 1877, *p.* 886, § 242, made applicable to criminal courts as early as 1848 (*Pamph. L., p.* 226); again in 1855 (*Pamph. L., p.* 648; *Nix. Dig.* 1861, *p.* 205); and again in 1863 (*Pamph. L., p.* 311; *Nix. Dig.* 1868, *p.* 228). The reason is stated in *Donnelly* v. *State,* 26 *N. J. L.* 463, 511; *affirmed, Id.* 601. The rule was relaxed in practice so as to permit the exception to be written out and presented for signature within a reasonable time. *State* v. *Holmes,* 36 *Id.* 62. The practice of having a court stenographer to take down a complete report of the trial may have led to a change in the statute. *Rev.* 1877, *p.* 284, § 91; *Id., p.* 1298; but the rule of presentation within a reasonable time was reiterated in *In re Carle,* 60 *N. J. L.* 83. To collect the recent cases in which review was denied for lack of a sealed exception would be a wearisome and useless task, as no rule is better settled.

As the case presents no legal challenge to the action of the trial court which is properly brought here by either method of review provided by law, the proper course is to affirm the judgment, and it will be so ordered.