MARGARET MORAN, guardian of the person and estate of Margaret Kelley, complainant,

*v.*

MAMIE KELLEY and ANNIE KELLEY, administrators with the will annexed of William J. Kelley, deceased, defendants.

[Decided March 26th, 1924.]

Where a will provided that the residue of the testator's estate be paid to certain trustees, who should employ the funds to have masses said for the happy repose of his soul, this bequest, being to definite persons in trust for a specific purpose, creating a use intended for the benefit of the testator specifically, is valid.

On bill for construction of will, &c. On pleading and proofs.

*Messrs. Perkins & Drewen,* for the complainant.

*Mr. John Wahl Queen,* for the defendants.

LEWIS, V. C.

The testator, William J. Kelley, by his last will and testament, after making certain bequests, devised and bequeathed all the residue of his estate to his two cousins, Mamie Kelley

and Annie Kelley, in trust, however, that they should, when said residue was paid to them after his death, employ said sum or sums to have masses said for the happy repose of his soul.

This bill is filed by the guardian of the testator's daughter, who contends that the bequest, provided for in the residuary clause, is invalid.

The defendants, however, who are the persons named as trustees in the trust created by the residuary clause, and who are also the administrators with the will annexed of the testator, assert that the provision is valid as a charitable use and should be sustained.

It is to be noted that the bequest is to definite persons, in trust for a specific purpose, and creates a use intended for the benefit of the testator specifically. Such a use, when possessing those elements of definiteness, is sustained, generally, by the American authorities (6 Cyc. 920), and a similar bequest was sustained by Vice-Chancellor Emery in this court in *Kerrigan* v. *Tabb, 39 Atl. Rep. 701,* which is cited with approval by Vice-Chancellor Stevenson in *Brown* v. *Condit, 70 N. J. Eq. 440,* and by Vice-Chancellor Stevens in *While* v. *Newark, 103 Atl. Rep. 1043.*

See, also, *Kerrigan* v. *Connelly, 46 Atl. Rep. 227,* where the same principle was sustained by this court.

I will therefore advise a decree sustaining the validity of the residuary clause in question, and directing the administrators with the will annexed of William J. Kelley, deceased, to pay over the residuary estate to the trustees named therein.