In this suit there is sought the construction of paragraphs sixth, eighth, tenth, thirteenth and fourteenth of the will of Maggie Venturini. These paragraphs read as follows:
"Sixth: I direct my executrices to deposit and keep in a savings bank, at interest, three thousand dollars, five hundred dollars thereof, with accumulation thereon, to be used to pay the funeral expenses of my brother John, and five hundred dollars thereof, with accumulations *Page 539 
thereon, to be paid for the funeral expenses of Maggie, wife of my said brother John. If one of them die before my death, his or her funeral expenses may be paid to the survivor, not exceeding this amount.
Eighth: The remaining two thousand dollars of said sum of three thousand dollars to be invested in the savings bank, with the interest accumulations thereon, are to be paid or used for flowers and expenses for caring for said cemetery plot, from year to year, and shall be kept in such bank for such purposes during the existence of said cemetery.
Tenth: I direct the Masses shall be held every year for my sister and myself and my relatives unable to pay for Masses, Seventy-five dollars per year for each of my sister and myself, and Twenty-five dollars per year for the others.
Thirteenth: I direct my executrices to keep up my mother's grave with flowers each year.
Fourteenth: My relatives, the Gallagher family, Miller family and Barberi family, may be buried in my said plot in Holy Cross Cemetery. If none of the people to be buried in my said plot have the money necessary to pay for small grave stone at his or her grave, I direct my executrices to pay for the same out of my estate."
The will contains no residuary clause. Testatrix left no children, but did leave a husband surviving her who would accordingly take any of the estate undisposed of by the will. She was antagonistic towards her husband because of a belief on her part that he had been unfaithful to her. Under these circumstances, after providing by previous paragraphs in her will for the purchase of a large cemetery plot and making various other bequests, she made the provisions set forth in the paragraphs of the will in dispute.
It is contended on behalf of the husband that the paragraphs in question are invalid on the following grounds: That the tenth, thirteenth and fourteenth paragraphs are impossible of performance, since any funds for their performance must necessarily come from the $3,000 referred to in the sixth and eighth paragraphs which in themselves exhaust the $3,000; the eighth, tenth, thirteenth and fourteenth paragraphs are void as being contrary to the rule against perpetuities; and that the tenth, thirteenth and fourteenth paragraphs are so vague and indefinite as to be impossible of performance.
The first of these contentions is clearly unsound. The sixth and eighth paragraphs definitely provide a fund of *Page 540 
$3,000, out of which funeral expenses are to be paid in the amount of $1,000, with accumulations of interest and the balance is to be used for care for the cemetery plot, the purchase of which is otherwise provided for in the will. There is no direction in connection with the tenth, thirteenth and fourteenth paragraphs that the bequests made therein shall be carried out from funds in any way coming from the $3,000, which is completely disposed of in paragraphs sixth and eighth. The last three paragraphs referred to are to be carried out, if at all, from funds remaining in the estate after the payment of other bequests.
The rule against perpetuities is not violated by any of these paragraphs, since the bequests made thereby, if otherwise valid, are permissible as charitable uses. Moran v. Kelley, 95 N.J. Eq. 380;96 N.J. Eq. 699.
Provision for the care of the cemetery plot is expressly authorized by the provisions of chapter 284 of the laws of 1920.
A much more serious question arises as to the attack on paragraphs tenth and fourteenth on the ground that they are too vague and indefinite to be capable of performance. As heretofore stated, there is no residuary clause in the will. The paragraphs now in question do not in terms set up a trust for the execution of these bequests, nor do they at least in form designate any fund out of which the payments are to be made. They do not fix any time limit. In addition, no method is fixed for the determination of who shall constitute the class of "my relatives" or how it shall be determined whether they are unable to pay for masses or for gravestones. There is no direction as to whether payment shall be made out of the corpus so long as the corpus
together with any increments of income shall last, or whether only income is to be used so far as available. There is no provision as to whether the entire residuary estate is to be devoted to the carrying out of these purposes.
It must be remembered that what otherwise would be the residuary estate would go to the husband of testatrix by operation of law. Therefore in order to carry out the provisions of the paragraphs in question, it will be necessary to *Page 541 
segregate and set apart either all the residuary estate or such a part thereof as will enable the provisions to be put in effect.
While it is a well recognized canon of construction of wills that the intention of the testator will be carried out even though the method of performance must be construed into the will, the court cannot create new provisions of the will in order to carry out a supposed intention not to be found in the language of the will itself.
While the instant will does disclose an intention to provide for the celebration of masses and the providing of gravestones, the court must go entirely outside the will to ascertain how much is to be devoted to these purposes, for how long a time, whether the corpus of the income is to be used and in addition the number and determination of the classes of some of the beneficiaries is very vague and uncertain. Accordingly I find that the provisions for the saying of masses and for the providing of gravestones are void because of indefiniteness.
As to paragraph 10, the only objections that can be made to it are that no specific fund is provided out of which payments are to be made for flowers for the grave of the mother; no express trust is set up nor is the amount of the fund fixed. However, I think this particular paragraph is sufficiently definite so that from it can be properly erected the machinery for carrying it into effect. I have given this paragraph a construction so as to provide that the executrices shall be trustees of sufficient of the estate remaining undisposed of to provide in perpetuity, a sufficient sum to purchase flowers annually for the mother's grave. Unless the parties in interest can agree among themselves the amount to be so set aside, I shall determine it in the decree to be entered herein.
There remains the question as to the validity of so much of paragraph fourteenth as provides that her relatives, the Gallagher family, the Miller family and the Barberi family may be buried in her cemetery plot. Since the carrying out of this provision does not affect any property rights of the husband to the residual of the estate, I see no sound objection to the finding of this portion of paragraph fourteenth as valid.
A decree will be advised accordingly. *Page 542